UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Timothy C. Larson, | Civil No. 06-1734 (PJS/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Michael J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

_____

Wayne G. Nelson for Plaintiff.
Lonnie F. Bryan for Defendant.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on Plaintiff's Application for Attorney's Fees [#27] pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $7,822.80. Plaintiff contends he is entitled to an award of attorney's fees under the EAJA because he is the prevailing party in this case and because the Commissioner's position was not substantially justified. Defendant does not dispute the fact that Plaintiff is the prevailing party, nor the amount of attorney's fees claimed. Rather, Defendant opposes the motion on the grounds that the Commissioner's position on this matter was substantially justified. The matter was referred to the undersigned United States Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons which follow, it is recommended that Plaintiff's Application be granted.

## I. PROCEDURAL HISTORY

Plaintiff applied for Disability Insurance Benefits ("DIB") on April 16, 2002. (Report and Recommendation ("R&R"), Docket No. 18, 1.)  The Social Security Administration denied his application initially and on reconsideration. (*Id*. at 2.)  After an administrative hearing, Administrative Law Judge ("ALJ") Diane Townsend-Anderson found Plaintiff not eligible for DIB in a decision dated January 4, 2005. (*Id*.)  The ALJ concluded that Plaintiff was not disabled and retained the residual functioning capacity ("RFC") to perform a significant number of jobs in the national economy. (*Id*.at 16-17.)  After the Appeals Council denied review, Plaintiff filed a civil action with this Court seeking review of the Commissioner's final decision. [#1].  Both Plaintiff and the Commissioner moved for summary judgment. [#10; #14].  The undersigned issued a Report and Recommendation [#18] on June 11, 2007, which recommended the motions for summary judgment be denied, the Commissioner's decision be vacated, and the case be remanded for further administrative proceedings because the ALJ did not make any findings of fact regarding whether the record supports an onset of impairment prior to age 22. (*Id*. at 22.)  The Report and Recommendation cited *Maresh v. Barnhart*, 438 F.3d 897, 899 (8 th Cir. 2006), as clearly requiring a determination of whether the onset of the impairment occurred prior to age 22.  The District Court adopted the Report and Recommendation in an Order [#25] on September 27, 2007.  Plaintiff now requests an award of attorney's fees and expenses under the EAJA, 28 U.S.C. § 2412.

## II. DISCUSSION OF LAW

### A. Legal Standard for Fees under EAJA

The EAJA allows an award of attorney's fees to the prevailing party in adversarial adjudications where the position of the United States was not substantially justified. The EAJA

provides in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort) . . . brought by or against the United States...unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). An application under the EAJA must include: proof that the plaintiff was worth less than two million dollars at the time the civil action was filed; a statement of the amount sought; an itemized statement of the actual time spent by the attorney on the case; a statement of the rate at which fees and other expenses have been computed; and an allegation that the position of the United States was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(B).

The Supreme Court has held that a judgment granting remand is a final judgment for which fees may be granted. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993). The Commissioner does not dispute that Plaintiff's application was complete or that she was a "prevailing party" within the meaning of the statute. The determination of whether Plaintiff is entitled to a fee award under EAJA depends solely upon whether the Commissioner was substantially justified in her position. *See Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003).

The Commissioner bears the burden of proving the denial of benefits was "substantially justified." *See id.*; *Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991). To establish substantial justification, the Commissioner must show that the denial of benefits had a reasonable basis in law and fact. *See Welter*, 941 F.2d at 676 (citing *Pierce v. Underwood*, 487 U.S. 552, 565-566 (1988)). The test of whether the Commissioner's position was substantially justified requires a showing that the position was "clearly reasonable, well founded in law and fact, solid though not necessarily correct." *Friends of Boundary Waters Wilderness v. Thomas*, 53 F.3d 881, 885 (8th Cir. 1995). This

means that the Commissioner's position need only be "justified to a degree that could satisfy a reasonable person" to defeat a claimant's application for attorneys' fees. *Pierce*, 487 U.S. at 565. This inquiry involves an evaluation of the Commissioner's position both at the pre-litigation and litigation phases of the case. *See* 28 U.S.C. § 2412(d)(1)(B); *Iowa Express Distribution, Inc. v. NLRB,* 739 F.2d 1305, 1309 (8th Cir. 1984).

Fees are not to be awarded simply because the Commissioner loses the case. *See Welter*, 941 F.2d at 676. The Secretary's position in denying benefits can be substantially justified even if the denial is unsupported by substantial evidence on the record as a whole. *See id.*; *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). The rationale underlying this rule is that the substantial evidence and substantial justification standards are different. *See Welter*, 941 F.2d at 676. As the Eighth Circuit explained:

> Under the substantial evidence standard, the district court must consider evidence that both supports and detracts from the Secretary's position. In contrast, under the substantial justification standard the district court only considers whether there is a reasonable basis in law and fact for the position taken by the Secretary.

*Id*. (internal citations omitted). Because the standards are neither semantic nor legal equivalents, the Commissioner can lose on the merits of the disability question and win on the application for attorney's fees. *See id*.

**B. Analysis**

The position of the Commissioner was not substantially justified. The Commissioner defended the ALJ's decision, even though the ALJ failed to make the factual determination required by the Eighth Circuit in *Maresh*. In *Maresh*, the Eighth Circuit held that a claimant meets all of the impairments listed at §12.05C of the Listing of Impairments when the claimant establishes "(1) a valid verbal, performance, or full scale IQ of 60 through 70; (2) an onset of the impairment before

age 22; and (3) a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Maresh*, 438 F.3d at 899. The facts in this case are not qualitatively different than those in *Maresh*. (R&R at 21.) At the summary judgment phase, the Commissioner conceded that Plaintiff had established elements (1) and (3) and contested only whether Plaintiff had shown an onset before age 22. (*Id.* at 18-19.) The Commissioner maintained his position that the Plaintiff had not shown an onset before 22, even though the ALJ failed to address the Plaintiff's onset of the impairment. Therefore, the Commissioner's position was not substantially justified under the EAJA because the Commissioner's defense of the ALJ's decision did not have a basis in law in light of the requirements of *Maresh*.

### C. Amount of Fees to be Awarded

Plaintiff requests an award of fees in the amount of $7,822.80 for a total of 49.2[1] hours billed at $159.00. The EAJA allows prevailing plaintiffs to collect fees and other expenses in cases against the United States in which the government's position was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(A). Fees awarded pursuant to a fee shifting statute must be reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The Commissioner does not argue that the hours billed or the hourly rate requested is unreasonable. This Court finds that the hours billed and the hourly rate requested is not excessive or unreasonable. Plaintiff should be granted attorney's fees in the full amount requested.

---

[1]Plaintiff's counsel billed 43.2 hours through the submission of his application for fees; an additional 6 hours were billed for the preparation of the reply to Defendant's opposition to the application for fees.

### III.  RECOMMENDATION

Based upon the file, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1) Plaintiff's Motion for Attorney's Fees [#22] be **GRANTED;** and

2) The Government be ordered to pay Plaintiff $7,822.80 in fees and costs.


DATED: June 17, 2008 *s/ Franklin L. Noel*
FRANKLIN L. NOEL
UNITED STATES MAGISTRATE JUDGE


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 7, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.